UNITED STATES of America,
Plaintiff—Appellee,

v.

Alex CABALLERO, aka Alexis
Caballero, Alex Ala Caballero,
Defendant—Appellant.

No. 04–10033.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 10, 2005.

Decided Aug. 22, 2005.

Gary G. Fry, AUSA, USSJ—Office of the U.S. Attorney, San Jose, CA, Barbara J. Valliere, Esq., USSF—Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

James W. Ramsaur, Esq., Oakland, CA, for Defendant–Appellant.

Before: PREGERSON, KLEINFELD, and HAWKINS, Circuit Judges.

## MEMORANDUM *

Alex Caballero ("Caballero") appeals his conviction and sentence for use of software to obtain telecommunications service without authorization, possession of fifteen or more unauthorized access devices with intent to defraud, and felon in possession of a firearm and ammunition. We affirm, and grant a limited remand under *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc).

■ The evidence was sufficient to convict Caballero on all counts because "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime[s] beyond a reason-

able doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original). On the telecommunications counts, the government presented a plethora of evidence: in addition to Caballero's admission to involvement in cell phone activations, the evidence showed that Caballero repeatedly accessed a system that can be used to activate cell phones, possessed numerous customer account documents not in his name, handwrote a script to solicit a password from an MCI employee, and possessed at least sixty-nine cell phones at his residence.

■ On the felon in possession counts, the government's evidence was also more than sufficient. Inside Caballero's residence, police found a .45 caliber handgun and six rounds of live ammunition in a backpack with Caballero's nickname stenciled on it. Inside the backpack were letters addressed to Caballero at his residence, a warranty registration card that was partially filled out with Caballero's name on it, and several other items he admitted to owning.

■ Any error from the admission of Agent Wellman's testimony regarding the lack of fingerprints on firearms returned from the ATF lab was harmless in light of the substantial evidence of Caballero's possession of the handgun.

■ There is no plain error in the district court's determination of the amount of loss for sentencing purposes because the calculation did not affect Caballero's sentence. However, we grant a limited remand to allow the district court to answer the question whether it would have imposed a different sentence had the Guidelines been viewed as advisory. *Ameline*,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

409 F.3d at 1079; *see also United States v. Moreno–Hernandez*, 419 F.3d 906 (9th Cir. 2005).

AFFIRMED in part and REMANDED.